IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. MAZZEO | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  05-CV-692 |
| PHILLIP MITTMAN, ET AL. | : | |
| | : | |
|     Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                              MARCH 8th, 2007

      Before the Court is defendants' motion for summary judgment.  Plaintiff filed claims for political discrimination; conspiracy to politically discriminate against him; substantive due process violations; procedural due process violations; and violations of several provisions of the Pennsylvania Constitution.  The Court will grant the motion as to the conspiracy, due process, and Pennsylvania constitutional claims for money damages, and deny the motion as to the political discrimination claim and the Pennsylvania constitutional claim for injunctive relief.

FACTS[1]

      Plaintiff John J. Mazzeo was an Easton police officer from December 1973 until January 2004.  Defendant Phillip Mitman was elected mayor of Easton in November 2003, and took office on January 6, 2004.  Defendant Stephen A. Mazzeo is the former chief of police for the City of Easton, and is plaintiff's cousin.

      Plaintiff served with the Easton police department as a patrolman, and later became captain.  Plaintiff supported Mitman's opponent in the 2003 mayoral election.  Mitman made

---

[1] Because this matter is before the Court on a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Stephen Mazzeo chief of police shortly after taking office, and then demoted plaintiff from captain to sergeant.  Rather than accept the demotion, plaintiff retired as a captain in order to retain his retirement benefits at a captain level.

Plaintiff claims that Mitman demoted him because he supported Mitman's opponent.  Plaintiff alleges that three other individuals who supported Mitman's opponent were demoted or fired after Mitman took office.  Defendants claim that they demoted plaintiff because he was unwilling to support the policy changes Stephen Mazzeo sought to implement, and because he posed a civil liability risk.  Defendants assert that plaintiff, along with other police officers, falsely arrested a man named Jack Cuvo in 2001.  Cuvo sued Easton for this arrest, and the matter resulted in a $2.5 million settlement.  Defendants further claim that, as the new police chief, Stephen Mazzeo attempted to begin a community policing program and police accreditation initiative in order to improve the image of the department.  Plaintiff allegedly refused to support defendant Stephen Mazzeo's initiatives.

## STANDARD OF REVIEW

Summary judgment should be granted to the defendant if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.  See also Sommer v. The Vanguard Group, 461

F.3d 397, 403-04 (3d Cir. 2006).

## ANALYSIS

A.  Political Discrimination Claim

As a public employee making a First Amendment political discrimination claim, plaintiff must prove: (1) that the activity he engaged in is protected by the First Amendment; and (2) that the protected activity was a substantial factor in his demotion. See Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005). Defendants may nonetheless defeat plaintiff's claim by showing that his demotion would have taken place in the absence of the protected conduct. Id.

Defendants' motion for summary judgment on the political discrimination claim must fail because whether Mitman knew of plaintiff's political affiliation and why plaintiff was demoted are both contested facts. Plaintiff claims that Stephen Mazzeo knew of his support of Mitman's opponent for mayor and passed this information on to Mitman, but Mitman himself denies knowing plaintiff's political affiliation. Defendants claim they demoted plaintiff because he was a civil liability risk and unsupportive employee. Plaintiff has provided facts suggesting that the reasons defendants offered for plaintiff's demotion are pretextual, including the promotion of other officers involved in Cuvo's false arrest, and plaintiff's alleged support of the initiatives defendant Mazzeo sought to implement. Thus, a jury must resolve the factual issues.

B.  Conspiracy

Plaintiff's claim of a conspiracy in furtherance of political affiliation discrimination cannot survive summary judgment because the Third Circuit has held that political affiliation discrimination is not the type of discrimination covered under Section 1985(3). See Farber v. City of Patterson, 440 F.3d 131, 143 (3d Cir. 2006). The Third Circuit requires that plaintiff be a

member of an identifiable class for Section 1985(3) to apply, and has rejected the argument that membership in a political party constitutes an identifiable class.  See id. at 135-38.

      C.     Substantive Due Process Claims

In order to prevail on a substantive due process claim, plaintiff must show that he has a protected fundamental property interest in his employment.  See Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 140 (3d Cir. 2000).  In this context, "public employment is not a fundamental right entitled to substantive due process protection."  Hill v. Borough of Kutztown, 455 F.3d 225, 234, n.12 (3d Cir. 2006) (*citing* Nicholas, 227 F.3d at 142-43).  As a police officer, plaintiff is a public employee and thus not entitled to substantive due process.  Plaintiff cannot revive his claim by alleging injury to his reputation, because "to the extent [plaintiff's] substantive due process claim was based not only on the loss of his job, but also on reputational injury that decreased his 'ability to earn a living,' it also fails."  Hill, 455 F.3d at 234, n.12 (*citing* Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 399-404 (3d Cir. 2000)).

      D.     Procedural Due Process Claims

In order to prevail on a procedural due process claim, plaintiff must show a protected property or liberty interest deprived without notice or hearing.  See Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1177 (3d Cir. 1997).  Whether plaintiff has "a legitimate entitlement to–and hence a property interest in–his government job is a question answered by state law."  Hill, 455 F.3d at 234.  The Pennsylvania Supreme Court has held that police captains may be demoted without a hearing, so long as they are kept on the force.  See Petrillo v. City of Farrell, 29 A.2d 84, 86 (Pa. 1942).  Interpreting Pennsylvania law, the Eastern District has held that Pennsylvania police officers have no property interest in the rank of

detective, and thus no right to a hearing prior to being demoted from detective to patrolman.  See Bennis v. Gable, 604 F. Supp. 244, 249 (E.D. Pa. 1984).  Plaintiff therefore had no protected property interest in his employment as police captain, and his procedural due process claim cannot succeed.

Plaintiff also asserts a procedural due process liberty interest claim.  Liberty interest allegations in the public employment context are known as "stigma-plus" claims.  See Codd v. Velger, 429 U.S. 624, 628 (1977).  In order to succeed on a "stigma-plus" claim, plaintiff must show that his employer created a defamatory impression of him during the course of his termination.  See Hill, 455 F.3d at 236.  A plaintiff satisfies the stigma prong of the test by proving the stigmatizing statements "were made publicly."  Id.  Plaintiff has produced no evidence, nor even alleged, that defendants made stigmatizing statements about him publicly, and therefore his liberty interest claim fails.[2]

E.     The Pennsylvania Constitution

Plaintiff claims a right to monetary damages for violations of various provisions of the Pennsylvania Constitution.  The Pennsylvania Commonwealth Court has held that there is no private right of action for monetary damages under the Pennsylvania Constitution.  See Jones v. City of Philadelphia, 890 A.2d 1188, 1208-09 (Pa. Commw. Ct. 2006).  Furthermore, the Eastern District has declined to "create a new judicial remedy which the Pennsylvania courts themselves have declined to recognize."  Klump v. Nazareth Area Sch. Dist., 425 F. Supp. 2d 622, 641 (E.D.

---

[2] Plaintiff's opposition to defendants' motion suggests that defendants publicly defamed him when they provided justification for his demotion in their motion for summary judgment.  But providing justification in a court filing is not the type of public dissemination that gives rise to a liberty interest claim.  See, e.g., Hill, 455 F.3d at 236 (allowing plaintiff's liberty interest claim to proceed where plaintiff was defamed before members of the general public in city council meetings).

Pa. 2006).³  Plaintiff's damages claim for Pennsylvania constitutional violations therefore fails. We do not, however, "dismiss plaintiffs' claims for [injunctive relief] because those claims do not seek monetary damages for violation of the Pennsylvania Constitution."  Id.

      An appropriate order accompanies this Memorandum Opinion.

---

³ Klump is now on this Court's docket, but it was not at the time the referenced decision was issued.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. MAZZEO | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  05-CV-692 |
| PHILLIP MITTMAN, ET AL. | : | |
| | : | |
| Defendants | : | |

**<u>ORDER</u>**

     AND NOW, this 8th day of March, 2007, it is hereby ORDERED that, pursuant to the above Memorandum Opinion, defendants' Motion For Summary Judgment (Document No. 11) is GRANTED in part and DENIED in part.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.